IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                      PLAINTIFF

VS.                                              CASE NO. 21-CR-50037

ALEXANDER RAMON PEREZ                                                                      DEFENDANT

### ORDER

Before the Court for consideration is Defendant's second Motion for Transcripts (ECF No. 36) filed on September 17, 2024.  Defendant – who was sentenced by U.S. District Judge Timothy L. Brooks on March 9, 2022 – says he "would like to know how to obtain a personal copy of [his] transcripts...."  (ECF No. 33).

(1)     One answer to Defendant's question is that he could contact the Court's court reporter and pay the court reporter to have his transcripts transcribed and provided to him.

(2)     The Court suspects, however, that Defendant does not have the resources to purchase transcripts but seeks copies without charge.  It is presumed Defendant remains indigent as he has been incarcerated on charges in this case since at least June 2021.

In limited circumstances, indigent defendants may obtain court transcripts free of charge to challenge their convictions and sentences under 28 U.S.C. § 2255:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f).  Section 753(f) is not implicated unless the defendant has filed an appeal or a

habeas corpus petition. *See United States v. Barnett,* 389 F. App'x 575, 575 (8th Cir. 2010) (per curiam); *United States v. Burns,* 2019 WL 4440093, at *1 (D. Minn. Sept. 17, 2019). The Supreme Court has upheld the constitutionality of § 753(f) as "a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction." *United States v. Lewis,* 605 F.2d 379, 379 (8th Cir. 1979) (per curiam) (citing United *States v. MacCollom*, 426 U.S. 317 (1976)).

As the Court noted in its prior Order (ECF No. 35), Defendant appeared for sentencing before Judge Brooks on March 4, 2022, and Defendant's Judgment was filed on March 9, 2022. (ECF Nos. 29, 30). A notice of appeal was never filed and thus, Defendant's sentencing hearing was never transcribed by the court reporter. Due to the passage of time, it appears Defendant cannot now file a direct appeal of his conviction and/or sentence.

Should Defendant file a habeas petition, he would need to establish that his case is timely, not frivolous and that the sentencing transcripts are needed to decide the issue(s) presented in the habeas corpus petition. *Chapman v. United States*, 55 F.3d 390, 390–91 (8th Cir. 1995) (per curiam); *United States v. Losing,* 601 F.2d 351, 352 (8th Cir. 1979) (per curiam). Because Defendant has not filed a habeas corpus petition, this Court cannot preemptively determine whether his petition would be timely, non-frivolous or whether transcripts required to decide any issues presented by such a theoretical petition. For these reasons, Defendant's request for transcripts is **premature.**

To the extent Defendant continues to seek the sentencing transcript for a reason other than to file a habeas corpus petition, Defendant's Motion offers no reason for his request and thus, has neither shown sufficient need for a sentencing transcript nor identified any legal basis why he needs his sentencing transcript. *See United States v. Casteel,* 2014 WL 12935634, at *3 (S.D. Iowa May

28, 2014) (denying defendant's motion for transcripts because there was no pending action under § 2255 or any other legal basis on which to grant the defendant's motion); *see also United States v. Slaughter*, 2011 WL 13141448, at * 1 (D. Minn. May 31, 2011) (cleaned up) (quoting *Culbert v. United States*, 325 F.2d 920, 922 (8th Cir. 1964)).

For these reasons, Defendant's Motion for Transcript (ECF No. 36) is **DENIED** on this 26th day of September 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE